*Wayne Circuit—In Chancery.*

## EDWARD WELCH

vs.

## EBENEZER H. ROGERS.

*Mortgage Foreclosure—Deficiency—Levy Upon Tax Certificates.*

Certificates given by the county treasurer to purchasers of land for non-payment of taxes are not subject to levy under execution. Muniments of title to lands cannot be attached or levied upon as a levy upon the realty described therein.

On or about the 20th day of November, 1882, a decree for deficiency on mortgage foreclosure was entered in this cause. No appeal was taken from said decree. On February 15th, 1883, a writ of *fi. fa.* was issued in said cause, directed to the Sheriff of Wayne County. Under this writ the Sheriff levied upon the interest of said Rogers in certain lands in said County, and seized as supplementary thereto certain certificates of the sale of said lands for delinquent taxes, and which had become absolute—that is, the year within which the lands might by law be redeemed had expired.

On March 12th, 1883, a petition was filed by said Rogers in said Court, praying that said levy be set aside on the ground that the certificates were not subject to levy.

He also stated in an affidavit that the manner in which the levy was made was irregular; alleging that the sheriff was accompanied by Jay Fuller, the complainant's solicitor, and by Cyrus Johnston, the latter a well known dealer in tax titles. That Johnston, under the direction of the sheriff, "rummaged the

office of petitioner, pulling private papers from pigeon holes in cases, and overhauling many private papers in the office, and scattering them promiscuously around the room. That he remonstrated with the sheriff and Johnston, and asked to be permitted to make a list of the papers thus taken, but no heed was paid to his remonstrance."

The question was ably argued before Judge Chambers by *Jay Fuller* for Complainant, and by *John C. Conely* for Defendant.

The Court, CHAMBERS, J.: Held the levy to be good.*

---

*On the hearing in the Supreme Court for a writ of mandamus to compel Judge Chambers to vacate the order sustaining the levy, argued at the January term, 1884, J. W. Romeyn appearing for Rogers, the relator, and Mr. Fuller for respondent, the court granted the writ. No opinion having been filed in that court, we give the case a place in this volume.

We have been unable to obtain the briefs of counsel, they having loaned them where they cannot be had just as we need them; so we do not cite the authorities.

But the point particularly decided, as we recall it (having been present at the hearing of the motion for mandamus at Lansing), was that levying upon muniments of title was not a levy upon realty.